UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, DARIN
JEFFERS, MICHAEL O'TOOLE, MICHAEL
BOURGAL, FRANK H. FINKEL, JOSEPH A.
FERRARA, SR., MARC HERBST, THOMAS
CORBETT and ROBERT G. WESSELS, as Trustees and
fiduciaries of the Local 282 Welfare Trust Fund, the
Local 282 Pension Trust Fund, the Local 282 Annuity      Case No. 20-CV-5969
Trust Fund, the Local 282 Job Training Trust Fund, and
the Local 282 Vacation and Sick Leave Trust Fund         **COMPLAINT**

                                 Plaintiffs.

  -against-

DOUBLE A CONTRACTING INC.

                                 Defendant.
------------------------------------------------------------------------x

       Plaintiffs THOMAS GESUALDI, LOUIS BISIGNANO, DARIN JEFFERS, MICHAEL O'TOOLE, MICHAEL BOURGAL, FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC HERBST, THOMAS CORBETT and ROBERT G. WESSELS, as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, ("Collectively, the "Funds"), for their Complaint, by their attorneys Trivella & Forte, LLP, allege as follows:

1. This is an action by the Trustees and fiduciaries of employee benefit plans for injunctive and monetary relief, plus interest, liquidated damages, attorneys' fees and costs under section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA), 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, *et. seq.* ("MPPAA"), and

Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

2. This action arises from (i) the failure and refusal of Defendant Double A Contracting Inc. ("DOUBLE A") to remit payment of unpaid contributions to be due and owing as a result of the Funds' audit dated January 1, 2018 through March 3, 2019 (Audit No. 20-0119); (ii) Defendant's failure to make contributions based on the remittance reports submitted by DOUBLE A for various months from November 2018 through June 2020; (iii) Defendants failure to make interest payments due on late paid and unpaid contributions based on submitted remittance reports for the months of April 2018 through December 2019 all as required by ERISA, the Trust Agreement governing the Funds, and the applicable collective bargaining agreement (iv) Defendants failure to submit remittance reports for the periods ending July and August 2020 and pay associated contributions along with interest and liquidated damages; Plaintiffs also seek Judgment against Defendant for breach of a March 2019 Settlement Agreement covering the period ending October 2018 and Audit No. 18-0908 (covering August 2016 through December 2017).

3. This Court has Jurisdiction over this action pursuant to Sections 502(e), 502(f), 515 and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

4. Venue lies in this District pursuant to Sections §§502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Funds are administered in this District.

5. Plaintiffs are Trustees and fiduciaries of the Funds and, collectively, are the "plan sponsor" within the meaning of Section 3(l6) (B)(iii) of ERISA, 29 U.S.C. §

1002(16)(B)(iii). The Trustees are fiduciaries of the Funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37) with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

7. The Funds are jointly administered by a Board of Trustees, with equal representation of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

8. The Funds were established pursuant to the terms of various collective bargaining agreements between Building Material Teamsters Local 282 ("Local 282" or "Union"), a labor organization representing workers in an industry affecting commerce, and various employers, including DOUBLE A, which are required to make contributions to the Funds on behalf of their workers covered by the collective bargaining agreements.

9. The Funds are maintained pursuant to the terms of the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), which is incorporated by reference into the collective bargaining agreements. The Funds provide various pension, health and welfare, annuity, job training, vacation and sick leave, and legal services benefits to covered workers, retirees and their dependents.

10. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

11. Upon information and belief, DOUBLE A at all times relevant to this action was and is, a New York domestic Corporation located, doing business, and having its principal place of business at 89 Alexander Ave, White Plains, New York 10606.

12. Upon information and belief, DOUBLE A is, and at all times relevant to this action, has been engaged in the transportation of building materials within, *inter alia,* the State of New York.

13. DOUBLE A at all times relevant to this action was and is, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

14. At all times relevant to this action, DOUBLE A was a signatory to or otherwise bound by the New York City Heavy Construction and Excavating contract in effect from July 1, 2014 to June 30, 2017, as renewed by a Memorandum of Agreement for the period of July 1, 2017 through June 30, 2021 (the "CBA").

15. At all times relevant to this action, DOUBLE A agreed to be bound by the Trust Agreement, which is incorporated by reference into the CBA.

16. The CBA expressly provides that the Employer is bound to the Trust Agreement.

17. At all times relevant to this action, the CBA requires Employers, including DOUBLE A, to submit remittance reports to the Funds which identify the employees who performed work covered by the CBA and to state the number of hours each such employee worked in covered employment.

18. Along with the remittance reports, the CBA also requires Employers, including DOUBLE A, to remit contributions to the Funds on behalf of all employees who performed work

covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

19. Article IX, Section 1(e) of the Trust Agreement further provides that an Employer who fails to submit the required remittance reports or pertinent books and records within twenty days of written demand must pay an increased monthly contribution, which is computed by first adding 10% to the number of hours for the month in which the largest number of hours were reported in the previous twelve (12) remittance reports submitted by the Employer (hereinafter referred to as the "base month"). This Section of the Trust Agreement further provides that: (1) in the event that an audit discloses unreported hours for the base month, the amount of said unreported hours plus 10% thereof shall be added to arrive at the total number of covered hours, and (2) if there is no base month because there are no previous remittance reports or audit reports, then the Employer shall be deemed to have the number of employees that the Union reports in writing that the Employer is employing, with each employee deemed to have worked 40 hours per week for the entire unreported period. Once a total number of covered hours is arrived at by the above-described methods, it is multiplied by the current contribution rates to arrive at the Employer's liability for monthly contributions.

20. The Trust Agreement provides that if the Employer fails to remit contributions by the date due, the Employer is liable to the Funds for (i) the delinquent contributions; (ii) interest at the rate of 1.5% per month (18% per year) from the date when payment was due to the date when payment was made; (iii) an amount equal to the greater of (a) the amount of interest charged on the unpaid contributions, or (b) liquidated damages in the form of 20 percent of the unpaid contributions; and (iv) the Funds' attorneys' fees and costs.

21.     Article IX, Section 4 of the Trust Agreement and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes the Trustees to bring actions to enforce an Employer's obligations to the Funds under its collective bargaining agreements with Local 282, including the obligation to make contributions to the Funds.

22.     Article IX, Section 3 of the Trust Agreement, as amended, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), requires payment of interest on unpaid contributions at the rate of 1.5 percent per month from the date the payment was due until it is received.

23.     Article IX, Section 3(c) of the Trust Agreement and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), requires payment of additional damages equal to the greater of the amount of interest charged on the unpaid contributions or liquidated damages in the form of 20 percent of the unpaid contributions. Article IX, Section 3 of the Trust Agreement of provides for the payment of liquated damages, as set forth above, on late-paid contributions paid five or more days after they were due.

24.     The Trust Agreement further requires an Employer to submit to periodic audits of its pertinent books and records. Specifically, Article IX, Section 1(d) of the Trust Agreement provides that "[t]he Trustees may at any time audit the pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

25.     Article IX, Section 1(d) of the Trust Agreement specifically defines "pertinent books and records" to include but not be limited to:

   a. Payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record;
   b. Payroll tax records submitted to federal and state governments including Forms 941, and W-2;
   c. Complete business income tax returns;
   d. Cash disbursement records;
   e. General ledgers;

  f. Records relating to the hiring of trucks, including equipment vouchers, invoices and payment records; and

  g. Any other records specifically requested by the Funds' auditors, including the classification of employees, their social security numbers, and the amount of wages paid and hours worked.

26. Article IX, Section 1(d) of the Trust Agreement additionally provides that pertinent books and records of an Employer include:

> the books and records of any business which is bound by a collective bargaining agreement with the Union which requires contributions to any of the Funds and any other business entity which is affiliated with such business and which either: 1) has employed persons who have performed the same type of work as the employees of the Employer covered by the Union agreement, or 2) is part of a group of trades or businesses "under common control," as that term is used in 29 U.S.C. § 1301(b)(1) for withdrawal liability purposes, which includes the Employer.

27. The Trust Agreement requires an Employer to submit its pertinent books and records to audit in order to verify that all contributions required under the CBA have been remitted to the Funds, that such contributions have been made solely on behalf of individuals eligible to participate in the Funds, and that covered workers are receiving the required benefits or credits.

28. Where an audit discloses a delinquency, an Employer, in addition to paying the contributions identified as being owed, is required under Article IX, Section 3 of the Trust Agreement to pay interest on the amount of contributions due, plus liquidated damages, audit fees, attorneys' fees, and costs.

29. Article IX, Section 4 of the Trust Agreement and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes the Trustees to bring actions to enforce an Employer's obligations to the Funds under its collective bargaining agreements with Local 282, including the obligation to make contributions to the Funds.

30. Article IX, Section 3 of the Trust Agreement and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), requires payment of interest on unpaid contributions at the rate of 1.5 percent per month from the date the payment was due until it is received.

31. Article IX, Section 3(c) of the Trust Agreement and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), requires payment of additional damages equal to the greater of the amount of interest charged on the unpaid contributions or liquidated damages in the form of 20 percent of the unpaid contributions.

32. Article IX, Section 3(a) of the Trust Agreement, with the sanction of Section 502(g) of ERISA, 29 U.S.C. § 1132(g), requires payment of attorneys' fees and costs incurred in an action to collect delinquent contributions, whether a suit has been filed or not, equal to the actual amount billed to the Trustees by their counsel for work performed in connection with the matter.

Unpaid Audits

*Audit No. 20-0119*

33. Prior to the filing of this action, DOUBLE A agreed to and did submit its pertinent books and records to audit for the period January 1, 2018 through March 3, 2019. The Funds' auditors reviewed the pertinent books and records of DOUBLE A for that period and prepared Audit #20-0119.

34. Pursuant to the CBA, the Trust Agreement and Audit No. 20-0119, DOUBLE A was found to owe Nine Hundred Fifty-Six Dollars, Thirty-One Cents ($956.31). and interest yet to be calculated but no amount less than One Hundred Ninety-Five Dollars, Ninety-Five Cents ($195.95). Interest has accrued and continues to accrue in delinquent contributions until they are received by the funds.

Late-Paid Contributions

35. DOUBLE A failed to make all payments in a timely matter, as required by the CBA and Trust Agreement.

36. DOUBLE A submitted contributions late for various periods between the periods of June 2018 through December 2019.

37. To date, interest owed on late-paid contributions for the period of December 2018 through December 2019 is no less than $41,676.49.

38. The Funds are entitled to collect liquidated damages on account of the late-paid contributions equal to the greater of the amount of interest charged on the unpaid contributions or liquidated damages in the form of 20 percent of the unpaid contributions.

Failure to Submit Remittance Reports and Contributions

39. The Trust Agreement requires employers to submit remittance reports and contributions to the Funds on a periodic basis.

40. DOUBLE A has failed to submit remittance reports for the periods ending July 2020, and August 2020.

41. The Funds demanded the submission of the missing remittance reports.

42. To date DOUBLE A has failed and refused to submit remittance reports.

43. The Funds are therefore entitled to an order compelling DOUBLE A to submit the missing reports and contributions due thereunder or otherwise entitled to estimated contributions as determined by the methods set forth in the Trust Agreement, plus interest and liquidated damages.

Underpaid and Unpaid Contributions

44. The CBA requires DOUBLE A to submit monthly remittance reports and remit contributions for all pay periods

45. For the periods of November 2018 through June 2020, DOUBLE A submitted remittance reports to the Funds, self-reporting contributions due and owing to the Funds, but failed to remit full payment of those contributions or for some months failed to make any payments at all.

46. For the period of November 2018 through June 2020 DOUBLE A owes no less than Two Hundred Fifty-Two Thousand, Two Hundred Forty-Five Dollars and Sixteen Cents ($252,245.16) in unpaid contributions.

47. The Funds demanded payment of the unpaid and underpaid contributions.

48. To date, DOUBLE A has failed and refused to pay the unpaid/underpaid contributions for the aforementioned periods which remain due and owing, plus interest and liquidated damages.

Breach of Settlement Agreement

49. In March 2019, Plaintiffs and Defendant entered into a written settlement agreement for amount due and owing for the period of April 2017 through October 2018. (the "2019 Agreement").

50. In the 2019 Agreement, DOUBLE A acknowledged it owed the Plaintiff $190,317.79 consisting of $151,356.21 in contributions based on remittance reports for the period of April 2018 through October 2018, $37,963.44 in interest due because of late-paid and unpaid contributions for the months of April 2017 through October 2018 plus $998.14 in contributions and interest due pursuant to Audit #18-0908.

51. The 2019 Agreement stipulated that DOUBLE A was to pay a total of $171,213.85 which was payable in 24 monthly installments of $5,000 commencing March 1, 2019, with a $51,213.85 balloon payment on or before March, 1, 2021. Additionally interest accrued at 9% on the declining balance.

52. Under Section 13(d) of the 2019 Agreement, a default occurs if the Employer fails to remain current in its contribution and reporting obligations to the Funds.

53. To date, DOUBLE A has failed to stay current in its contributions to the funds, as it has not made payments on remittance reports for various months from the period of November 2018 to present.

54. Defendant failed to cure this default pursuant to the terms of the 2019 Agreement.

55. Therefore, for the breach of the 2019 Agreement, DOUBLE A owe Plaintiffs the full amount acknowledged totaling $190,317.79 less settlement payments made of $98,345.00 for a total of $91,972.79, plus additional accrued interest due thereon and on the prior declining balance, and liquidated damages and attorneys' fees and costs per the Trust Agreement and 29 U.S.C. § 1132.

Failure to Submit to Audit

56. Pursuant to the terms of the CBA and Trust Agreement, the Defendant is required to periodically submit to audit.

57. The Trust Agreement requires an Employer to submit its pertinent books and records to audit in order to verify that all contributions required under the CBA have been remitted to the Funds, that such contributions have been made solely on behalf of individuals eligible to participate in the Funds, and that covered workers are receiving the required benefits or credits.

58.     Per request from the Funds, Defendant was required to submit to Audit for the period commencing March 4, 2019 through March 31, 2020.

59.     By letter dated August 5, 2020, Defendant was notified of its failure to submit to Audit.

60.     Upon information and belief, additional amounts will continue to become due and owing by the Employer to the Funds during the pendency of this action.

## FIRST CAUSE OF ACTION

61.     Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62.     Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement… [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

63.     Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a) (3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

64.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates that, "[i]n any action bought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

    a. the unpaid contributions,
    b. interest on the unpaid contributions,
    c. an amount equal to the greater of-
        i. interest on the unpaid contributions, or

        ii. liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],
  d. reasonable attorney's fees and costs of the action, to be paid by the defendant, and
  e. such other legal or equitable relief as the court deems appropriate…".

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or 1.5% per month.

65.    DOUBLE A, by failing to remit payment of the contributions determined to be due and owing as a result of Audit No. 20-0119 along with its failure to make contributions based on the remittance reports submitted by DOUBLE A for the months of November 2018 through June 2020 is subject to an injunction ordering it to immediately to pay all of the unpaid contributions.

66.    DOUBLE A, by its failure to submit remittance reports and contributions for the periods of July 2020, and August 2020, is subject to an injunction ordering it to immediately submit said remittance reports and pay all of the unpaid contributions associated therewith, or alternatively, pay all estimated contributions as determined by the methods set forth in the Trust Agreement.

67.    DOUBLE A, by its failure to timely submit contributions for the period April 2018 through December 2019 entitles the Funds to an award of interest and liquidated damages, in the amounts no less than $41,676.49.

68.    Double A, by failing to (i) submit contributions owed pursuant to remittance reports for the period of November 2018 through June 2020; (2) submit timely contributions for the period of April 2018 through December 2019; (3) pay contributions due and owing pursuant to Audit No. 20-0119; (4) failing to submit the contributions under the 2019 Agreement, and (5) submit remittance reports for July and August 2020, has violated Section 515 of ERISA, 29 U.S.C. §1145 in failing to make contributions in accordance with the terms of the Funds' plan documents, thereby supporting this action filed pursuant to 502(a)(3) of ERISA, 29 U.S.C §1132(a)(3), and is,

subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Trust Agreement.

## SECOND CAUSE OF ACTION

69. Plaintiffs repeat the response to each allegation contained in the foregoing paragraphs as if fully set forth herein.

70. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

71. By failing to pay the contributions and other amounts owing in accordance with the CBAs and Trust Agreement, DOUBLE A has violated the CBAs and the Trust Agreement, which is incorporated into the CBAs.

72. By failing to pay or timely pay contributions and other amounts owing, the Employer violated the CBA and Trust Agreement, which is incorporated into the CBA.

73. The Funds are thus entitled under the LMRA Section 301(a), as well as the CBA and the Trust Agreement, to all unpaid contributions, interest on the late paid contributions, interest on the unpaid contributions, liquidated damages, attorneys' fees and costs.

## THIRD CAUSE OF ACTION

74. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

75. Plaintiffs and DOUBLE A entered into a 2019 Agreement for payment of amounts due and owing.

76. DOUBLE A defaulted on the 2019 Agreement by failing to stay current on its contractual obligations under the CBA and failing to make the required payments under the 2019 Agreement.

77.     The Funds sent DOUBLE A Notice of Default of the 2019 Agreement. DOUBLE A failed to cure the default within the time allotted in the 2019 Agreement.

78.     As a result of Defendant's breach of the 2019 Agreement, DOUBLE A owes a principal sum in an amount to be determined at trial but in no event less than $91,972.79, plus additional accrued interest due thereon and on the prior declining balance, liquidated damages, attorneys' fees and costs.

79.     The Funds are thus entitled under the LMRA or ERISA, as well as the CBA, the Trust Agreement and the 2019 Agreement, to the unpaid contributions, interest, liquidated damages, and attorneys' fees and costs which remain outstanding and which shall continue to accrue on the on the outstanding balance owed under the 2019 Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court enter judgment:

(a)     Ordering DOUBLE A to (i) submit all remittance reports due and owing for the months of July 2020 and August 2020 or otherwise pay the estimated contributions determined by the methods set forth in the Trust Agreement, plus all amounts that become due and owing during the pendency of this action; plus (i) make payment of unpaid contributions due and owing as a result of the Funds' audit dated January 1, 2018 through March 3, 2019 (Audit No. 20-0119); plus pay (ii) underpaid and unpaid contributions based on the self-submitted remittance reports submitted by DOUBLE A for the months of November 2018 through June 2020; plus pay (iii) interest and liquidated damages on late-paid contributions for the period of April 2018 to December 2019 (iv) interest on the unpaid contributions at the rate of 1.5% per month from the date when payment was due to the date when the payment was made; plus (v) an

amount equal to or to the greater of (a) the amount of interest due on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid or late-paid contributions;

  (b) Against DOUBLE A for the breach of the 2019 Agreement in the principal sum of $91,972.79, plus additional accrued interest due thereon and on the prior declining balance, plus liquidated damages and attorneys' fees and costs.

  (c) Ordering DOUBLE A to submit to an Audit for the period commencing March 4, 2019 through March 31, 2020 and to pay any delinquencies determined by the audit.

  (d) Ordering DOUBLE A to pay the Funds their reasonable attorneys' fees and costs, in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and Article IX, Section 3(a) of the Trust Agreement, in an amount to be determined by the Court upon subsequent application by the Plaintiffs; and

  (e) For such other and further equitable relief as this Court deems appropriate

Dated: White Plains, New York
   December 7, 2020

               Yours, etc.,
               TRIVELLA & FORTE, LLP

               /s/ *Christopher Smith*_____
               *Attorneys for Plaintiffs*
               1311 Mamaroneck Avenue, Suite 170
               White Plains, New York 10605
               (914) 949-9075