UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO, DARIN
JEFFERS, MICHAEL O'TOOLE, MICHAEL
BOURGAL, FRANK H. FINKEL, JOSEPH A.
FERRARA, SR., MARC HERBST, THOMAS CORBETT
and ROBERT G. WESSELS, as Trustees and fiduciaries
of the Local 282 Welfare Trust Fund, the Local 282 Pension
Trust Fund, the Local 282 Annuity Trust Fund, the Local
282 Job Training Trust Fund, and the Local 282 Vacation
and Sick Leave Trust Fund,

**REPORT AND RECOMMENDATION**

CV 20-5969 (EK)(ARL)

        Plaintiffs,

    -against-

DOUBLE A CONTRACTING, INC.

        Defendant.
-------------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

  Plaintiffs, Thomas Gesualdi, Louis Bisignano, Darin Jeffers, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Thomas Corbett and Robert G. Wessels, as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, (collectively, "Plaintiffs") commenced this action against Double A Contracting, Inc. ("Defendant") for violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1145 and § 1132(a), *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"). Defendant has not answered or moved with respect to the complaint. Following a Report and Recommendation issued by this Court, and adopted by Judge Komitee, Plaintiffs filed a renewed motion for Default Judgment on February 28, 2022. By Order dated March 30, 2022, Judge Komitee referred Plaintiffs' renewed motion for default judgment to this Court. Based upon the evidence

submitted, the undersigned recommends that the motion be granted and damages be awarded in the amount of $1,152.26 pursuant to Audit No. 20-0119, interest on that amount of $488.12, plus interest in the amount of $.57 per day from February 10, 2022 through entry of final judgment, $88,889.16 for estimated contributions for July and August 2020, interest on the estimated contributions of $21,808.29, liquidated damages in the amount of $21,808.29 plus interest in the amount of $21.92 per day from February 10, 2022 through entry of final judgment, $252,245.66 in unpaid contributions, $67,670.95 in interest on unpaid contributions, $67,670.95 in liquidated damages, plus interest in the amount of $121.40 per day from February 10, 2022 through entry of final judgment, for a total award of $521,733.68.

## BACKGROUND

**I.     Factual Background**

The Court presumes familiarity with the facts and procedural history of this case and only includes those facts that are necessary for resolution the instant motion.  The facts discussed herein are taken from the complaint and declarations attached to Plaintiffs' renewed motion for default judgment.

**Audit No. 20-0119 (period January 2018 through March 2019)**

Plaintiffs allege that that Defendant has failed to pay amounts which were due as a result of an audit for the period January 1, 2018 through March 3, 2019.  *See* Joseph Puccio Declaration in Support of Plaintiffs' Motion To Renew Motion For Default Judgment, dated February 22, 2022 ("Puccio 2nd Dec.") at ¶ 25. Specifically, Plaintiffs assert that, "[a]t Exhibit 8 is a delinquency letter dated September 14, 2021 sent from the Funds' Office to Double A Contracting Inc. showing $762.05 is owed in the audit report to the 282 Annuity Fund and $390.21 is owed to the 282 Vacation/Sick Trust Fund, for a total delinquency under this audit of

$1,152.26." Puccio 2nd Decl. at ¶ 25. The Audit Report, dated October 4, 2019, show principal due of $1,003.20 and interest due of $149.06. *See id.*, Ex. 8. Plaintiffs assert that "[a]s of February 9, 2022 that interest is $488.12. See calculation sheet at Exhibit 9. Interest at the rate of $.57 continues to accrue on this audit delinquency until payment is received by the Funds." *Id.* at ¶ 25.

### Failed to Submit Remittance Reports (period July 2020 through August 2020)

In addition, Plaintiffs allege that Defendant has failed to submit remittance reports for the months July 2020 and August 2020. Plaintiffs allege that they have "demanded the missing remittance reports. Double A Contracting Inc. failed to submit these remittance reports." Compl. at ¶¶ 34-35; Puccio 2nd Dec. at ¶ 28. Plaintiffs contend that "[f]or those months in which the Defendant failed to submit remittance reports, Article IX, Section 1(e) of the Trust Agreement authorizes the Funds to estimate the delinquency." *Id.* at ¶ 28. Using the formula set forth in the Trust Agreement, "Exhibit 9 contains a calculation of the estimated contributions due for July 2020 and August 2020 utilizing the base month contributions calculated *supra*, together with interest and liquidated damages per the Trust Agreement." *Id*. at ¶ 36. According to Plaintiffs, "[t]he total estimated July 2020 and August 2020 contributions are $88,889.16, with interest through February 9, 2022 of $21,808.29, and $21,808.29 liquidated damages. The total of these amounts is $132,505.74. Plaintiffs demand judgment for this total, plus interest at the rate of $21.92 per day until the July 2020 and August 2020 contributions are paid." *Id*. at ¶ 37.

### Underpaid and Unpaid Contributions (period December 2018 through June 2020)

Plaintiffs further allege that Defendant has underpaid or left unpaid contributions from December 2018 through June 2020. Defendant "submitted remittance reports to the Funds, self-reporting contributions due and owing to the Funds, but failed to remit full payment of those

3

contributions or for some months failed to make any payments at all." *Id*. at ¶45. In the Complaint, Plaintiffs seek unpaid contributions "[f]or the period of November 2018 through June 2020 [of] no less than Two Hundred Fifty-Two Thousand, Two Hundred Forty-Five Dollars and Sixteen Cents ($252,245.16)." Compl. ¶ 46. In the Puccio Declaration, Plaintiffs assert that the amount due for the period from November 2018 through June 2020, is "$75,210.65 Welfare Fund + $70,598.45 Pension Fund + $81,102.11 Annuity + $544.45 Job Training Fund + $24,790 Vacation Fund=$252,245.66." Puccio 2nd Dec. at ¶ 39. The amounts due from the remittance reports is due and owed separate and apart from any amount due pursuant to Audit No. 20-0119. *Id*. at ¶40. Pursuant to the Trust Agreement, Plaintiff is entitled to interest and liquidated damages on this amount.

### **Breach of 2019 Agreement (period April 2017 through October 2018)**

In addition to the deficiencies noted above, Plaintiffs also allege that Defendant breached a settlement agreement entered in March 2019 by Plaintiffs and Double A Contracting Inc. for April 2017 through October 2018 delinquencies (the "2019 Agreement"). Compl. at ¶¶ 49-55. According to Plaintiffs, "[i]n the 2019 Agreement, Double A Contracting Inc. acknowledged it owes the Plaintiffs $190,317.79, consisting of $151,356.21 in contributions based on remittance reports for the period April 2018 through October 2018, $37,963.44 in interest on late-paid and unpaid contributions for the months April 2017 through October 2018, plus $998.14 in contributions and interest due pursuant to Audit #18-0908." *Id*. at ¶ 50. The 2019 Agreement is attached as Exhibit 6 to the Second Puccio Declaration. Plaintiffs claim that "[f]or breach of the 2019 Agreement, Double A Contracting Inc. owes Plaintiffs $190,317.79, less $98,345.00 settlement payments made, for a total $91,972.79, plus additional accrued interest due thereon and on the prior declining balance, liquidated damages, attorneys' fees, and costs per the Trust

4

Agreement and 29 U.S.C. § 1132." *Id*. at ¶ 48. "Defendant made 19 payments from March 2019 through and including September 2020 . . . Defendant failed to pay the 20th through 24th installments under the Settlement Agreement from October 2020 through February 2021 and did not pay the March 1, 2021 balloon payment of $51,213.85." Puccio 2nd Dec. at ¶ 47. "These missed payments total 5*$5,000 + $51,213.85=$76,213.85 as of March 1, 2021, plus additional accrued interest due thereon of $12,966.79 through February 9, 2022, and liquidated damages of $15,242.77 through February 9, 2022, per the Settlement Agreement, Trust Agreement and 29 U.S.C. § 1132. Per diem interest of $37.58 per day continues to accrue until payment is made." *Id*.

## II.     Procedural Background

Plaintiffs filed the complaint in this action on December 8, 2020. ECF No. 1. The summons and complaint were served on Defendant on December 15, 2020. ECF No. 6. Defendant never answered or otherwise responded to the Complaint. On February 5, 2021, Plaintiffs filed a request for a certificate of default with the Clerk of Court. ECF No. 7. The Clerk of Court issued the certificate of default on February 12, 2021. ECF No. 8.

On May 7, 2021, Plaintiffs filed a motion for a default judgment. ECF No. 10. The motion was served on Defendant. ECF No. 14. By Order dated May 7, 2021, Judge Komitee referred Plaintiffs' motion to the undersigned. This Court issued its Report and Recommendation on January 10, 2022 granting Plaintiffs' motion for default judgment, awarding attorneys' fees and denying certain portions of Plaintiffs' request for damages with leave to refile. The report was adopted in its entirety by Judge Komitee. ECF No. 21. On February 28, 2022, Plaintiffs filed their renewed motion for damages, which was referred to the

undersigned. The motion was served on Defendants on the same date. ECF No. 20. Defendant has not opposed the motion for default judgment or responded in any way.

## DISCUSSION

ERISA provides a right of recovery to plaintiffs who have established liability under Section 515 for unpaid contributions, interest, liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as the court may deem appropriate. 29 U.S.C. § 1132(g)(2). In support of their renewed request for an award of damages, Plaintiffs have submitted the Declaration of Christopher Smith dated February 25, 2022 and the Declaration of Joseph Puccio dated February 18, 2022. ECF No. 18. Attached to the Puccio Declaration are copies of the applicable Trust Agreement, collective bargaining agreement, the 2019 Agreement, audit report, interest calculation, remittance forms and letters sent by the Funds to Defendant, which set forth Defendant's contribution obligations to the Funds and the Funds' various demands for payment. The Court will determine damages based on the documentary evidence.

A.   **Audit No. 20-0119**

ERISA section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), provides for an award of unpaid contributions by Defendant. The Trust Agreement does as well. Plaintiffs allege that Defendant failed to pay any amounts which were due as a result of an audit for the period January 1, 2018 through March 3, 2019. Compl. ¶¶ 33-34. "The audit report was sent to Double A Contracting Inc. on or about October 4, 2019." Puccio 2nd Dec. at ¶ 25. In a delinquency letter dated September 14, 2021, sent from Plaintiffs to Double A Contracting Inc., Plaintiffs claim $762.05 is owed in the audit report to the 282 Annuity Fund and $390.21 is owed to the 282 Vacation/Sick Trust Fund, for a total delinquency under this audit of $1,152.26. *Id.* at Ex. 8. Interest has accrued and continues to accrue on delinquent contributions until they are received

by the Funds. The Trust Agreement provides for interest, at the rate of 1 ½ % per month of each monthly amount due for each month, from the first day of the month when the payment was due to the date when payment was made. *See* Puccio 2nd Dec., Ex. 1, Article IX, Section 3. According to Plaintiffs' calculations, as of February 9, 2022 that interest is $488.12. *See id*., Ex. 9. Interest at the rate of $.57 per day continues to accrue on this audit delinquency until payment is received by the Funds. Accordingly, the undersigned respectfully recommends that Plaintiffs be awarded $1,152.26 in amounts due pursuant to the audit, interest in the amount of $488.12, and additional interest in the amount of $.57 per day from February 10, 2022 through the date on entry of final judgment.

### B.     Estimated Amounts Due for July and August 2020

ERISA section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), provides for an award of unpaid contributions by Defendant. Pursuant to the Trust Agreement, Defendant was required to submit remittance reports to the Funds reporting all hours worked in covered employment and to contribute to the Funds at the applicable rate for such work. Defendant failed to submit remittance reports and to remit contributions to the Funds for July and August 2020. Pursuant to the estimating formula set forth in Article IX, Section 1(e) of the Trust Agreement, which permits an increased monthly contribution when remittance reports are not submitted, Defendant owes estimated contributions totaling $88,889.16 for the unreported months. *See* Puccio 2nd Dec. at ¶ 35.

In addition, pursuant to the terms of the Trust Agreement, Plaintiff seeks interest through February 9, 2022 of $21,808.29, and $21,808.29 in liquidated damages. Plaintiffs also seek interest at the rate of $21.92 per day from February 10, 2022 until the July 2020 and August 2020 contributions are paid. *Id*. at ¶ 37. As discussed above, the Trust Agreement provides for

7

an award of interest at the rate of 1.5% per month. In addition, ERISA section 502(g)(2)(C), 29 U.S.C. and the Trust Agreement allow for an award of statutory damages equal to the greater of interest on unpaid contributions or liquidated damages provided for in the plan not to exceed 20% of the unpaid contributions. *See* Puccio 2nd Dec., Ex .1, at p. 28. Accordingly, the undersigned respectfully recommends that Plaintiffs be awarded $88,889.16 for estimated contributions and $21,808.29 for liquidated damages and $21,808.29 in interest through February 9, 2022, with an additional award of $21.92 per day through the date of final judgment.

### C.    Unpaid Contributions

ERISA section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), provides for an award of unpaid contributions by Defendant. The Trust Agreement does as well. In the Complaint, Plaintiffs seek unpaid contributions "[f]or the period of November 2018 through June 2020 [of] no less than Two Hundred Fifty-Two Thousand, Two Hundred Forty-Five Dollars and Sixteen Cents ($252,245.16)." Compl. ¶ 46. From November 2018 through June 2020, Double A Contracting Inc. submitted remittance reports to the Funds, self-reporting contributions due and owing to the Funds, but failed to remit full payment of those contributions. Puccio 2nd Dec.at ¶ 39, Ex. 10 (attaching a copy of the remittance forms for which no payment was made). By letter dated January 18, 2022, Defendants were notified of outstanding remittances totaling $252,245.66 *Id*., Ex. 13.

Additionally, "[p]er the Trust Agreement, Article IX Section 3 interest at the rate of 18% per year accrues on these delinquencies. Calculating interest from 45 days from June 2020 provides interest due through February 9, 2022 is $67,670.95. Interest at the rate of $124.40 per day continues to accrue on this delinquency until payment is received by the Funds." *Id*. at ¶ 42. Finally, as discussed above, Article IX Section 3 of the Trust Agreement provides for an award

8

of liquidated damages in the event of non-payment of contributions. Here, based on the unpaid contributions calculated above, the Funds are entitled to liquidated damages in the amount $67,670.95, which is equal to the amount of interest charged on the unpaid contributions as that is greater than 20% of the unpaid contributions. Accordingly, the undersigned respectfully recommends that Plaintiffs be awarded $252,245.66 for unpaid remittances, interest on those remittances of $67,670.95, liquidated damages of $67,670.95. with an additional award of $121.40 per day in interest through the date of final judgment.

### D.  Breach of the 2019 Agreement

Plaintiffs seek payment of the full amount agreed to under the 2019 Agreement, which according to Plaintiffs, Defendant "owes Plaintiffs $190,317.79, less $98,345.00 settlement payments made, for a total $91,972.79, plus additional accrued interest due thereon and on the prior declining balance, liquidated damages, attorneys' fees, and costs per the Trust Agreement and 29 U.S.C. § 1132." Compl, ¶ 48. "Defendant made 19 payments from March 2019 through and including September 2020 . . . Defendant failed to pay the 20th through 24th installments under the Settlement Agreement from October 2020 through February 2021 and did not pay the March 1, 2021 balloon payment of $51,213.85." Puccio 2nd Dec. at ¶ 47; Ex. 12 . Plaintiffs contend that Defendants owe $76,213.85 as of March 1, 2021, plus additional accrued interest due thereon of $12,966.79 through February 9, 2022, and liquidated damages of $15,242.77. Interest on this amount continues to accrue at 37.58 per day until final judgment is entered. *Id.* at Ex. 9.

However, pursuant to the terms of the Settlement Agreement, in the event of a Default, Plaintiffs are entitled to all contributions, plus full interest, liquidated damage, attorney's fees and costs, less any payments made if the Employer fails to cure such Default within ten (10)

9

calendar days after written notice of such Default is transmitted to the Employer. Plaintiff have attached two written notices of default dated November 2019, however, a review of the payments received by the Funds indicates that this November 2019 default was cured and payments were made in accordance with the terms of the Settlement Agreement through September 2020. Plaintiffs have failed to provide written notice of default following the October 2020 missed payment. Thus, Plaintiffs have failed to demonstrate they are entitled to recover for breach of the Settlement Agreement. Accordingly, the undersigned respectfully recommends that Plaintiffs request for damages on this claim be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiffs shall serve a copy of this Report and Recommendation on the Defendant upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      July 12, 2022                                      _____/s/_____
                                                           ARLENE R. LINDSAY
                                                           United States Magistrate Judge